1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  STEPHEN B. TURNER,                              No. C 11-05828 YGR (PR)

4                Petitioner,                       **ORDER TO SHOW CAUSE AND
                                                   DENYING PETITIONER'S *EX PARTE*
5        vs.                                       MOTION FOR TEMPORARY
                                                   RESTRAINING ORDER**
6  PAROLE OFFICER MELODY SMITH;
7  BOARD OF PAROLE HEARINGS
   CHAIRMAN JAMES DAVIS,

8                Respondents.
9  _____/

10        Petitioner, who is on parole, has filed this petition for a writ of habeas corpus pursuant to 28

11   U.S.C. § 2254 challenging one of his "special parole conditions," specifically the imposition of "a

12   parole condition that totally bans his Internet use."  (Pet. at 6; Attach. at 2.)  He has paid the $5.00

13   filing fee.

14   **I.    *Ex Parte* Motion for TRO**

15        First, Petitioner has filed an *ex parte* "immediate stay" -- which the Court construes as an

16   motion for a temporary restraining order (TRO) -- to enjoin Respondents from "enforcing a total

17   Internet ban (special parole condition) . . . ."  (*Id.* at 1.)

18        Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary

19   injunction or TRO.  Prior to granting a preliminary injunction, notice to the adverse party is

20   required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be

21   decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir.

22   1983).  A TRO may be granted without written or oral notice to the adverse party or that party's

23   attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified

24   complaint that immediate and irreparable injury, loss or damage will result to the applicant before

25   the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney

26   certifies in writing the efforts, if any, which have been made to give notice and the reasons

27   supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

28        The purpose of the preliminary injunction as provided by Rule 65 is to preserve the relative

positions of the parties -- the status quo ante -- until a full trial on the merits can be conducted.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

*University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). On the other hand, "[a] mandatory injunction goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotations, citations omitted). Petitioner argues what the status quo should be: his parole conditions should not include a total Internet ban. However, the status quo in this case at this time is that as of May 2011, Petitioner has been subject to this "special parole condition" -- prohibiting his access to the Internet. (Pet., Attach. at 3.) Also, Petitioner alleges that he has had to register as a sex offender under California Penal Codes §§ 290, 290.007, "based on an expunged 1993 conviction for indecent exposure." (*Id.*) Therefore, he has also been subject to additional conditions of parole and intensive supervision based on his status as a section 290 registrant.[1] Accordingly, what he seeks is a mandatory injunction, which may be issued only upon a finding that the facts and law clearly favor him. *Id.* Petitioner has not made that showing. *Compare United States v. Jackson*, 189 F.3d 820 (9th Cir. 1999) (imposing mandatory drug testing as condition of supervised release did not violate ex post facto clause although conviction occurred before enactment); *Artway v. Attorney General of the State of New Jersey*, 81 F.3d 1235 (3d Cir. 1996) (sex offender registration did not violate ex post facto, double jeopardy, equal protection or due process clauses) *with Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) (imposing sex offender treatment requirements on one never convicted of sex offense without notice or hearing violated due process).

In addition, Petitioner has made no showing regarding any efforts made to afford the requisite notice to Respondents. *See* Fed. R. Civ. P. 65(b). The Ninth Circuit has cautioned that there are "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Assoc. Inc v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* Or, notice may not be required where

---

[1] Petitioner claims that he is "currently challenging a number of his special conditions of parole as violating the *Dominguez/Lent* Test as well as Constitutional violations in Federal and State Court." (Pet., Attach. at 3.) He has previously-filed a habeas action that is currently pending in this Court -- Case no. C 11-4948 YGR (PR), challenging the constitutionality of the sex offender registration requirement, as well as the related residency restrictions propounded by Jessica's Law, *see* Cal. Penal Code §§ 290, 290.007, 3003.5(b), as they apply to him.

providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. *Id.* Here, Petitioner has not demonstrated that either exception is applicable.

Accordingly, Petitioner's *ex parte* motion for an emergency TRO is DENIED without prejudice.

**II.   Order to Show Cause**

Second, it does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

1.   The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondents[2] and Respondents' attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.   Respondents shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondents shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.   If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondents within **sixty (60) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondents' Answer.

4.   Respondents may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an

---

[2] Petitioner has named various Respondents in this action.  Where the petitioner is on probation or parole, he may name as Respondents his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Rule 2(b) advisory committee's note.  Therefore, the Court will order only Melody Smith, Petitioner's parole officer, as well as James Davis, Chairman of the Board of Parole Hearings, to respond.

United States District Court
For the Northern District of California

opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondents shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondents informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondents' counsel all communications with the Court by mailing a true copy of the document to Respondents' counsel.

6.     Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:   __February 9, 2012__

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
For the Northern District of California