IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Petitioner,<br><br>  vs.<br><br>MIKE GROTTKAU, et al.,<br><br>    Respondents.<br>_____/ | No. C 11-05828 YGR (PR)<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS; DENYING PETITIONER'S PENDING MOTIONS; AND DENYING HIS APPLICATION FOR IMMEDIATE STAY AS MOOT**<br><br>(Docket nos. 1, 7, 8, 11) |

## INTRODUCTION

Petitioner, Stephen B. Turner, a former prisoner who is currently on parole, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Pet.") challenging a "special parole condition" that involves "a total Internet ban," which was imposed after he was found to have violated an original parole condition that prohibited him from possessing or viewing pornography on his computer. (Pet., Attach., Pet. & App. for Stay at 3.)[1] Petitioner has also filed an "Application for Immediate Stay," in which he seeks to "enjoin[] Respondents from enforcing a total Internet ban (special parole condition) on Petitioner." (Pet., Attach., Pet. & App. for Stay at 1.)

On February 9, 2012, the Court issued an Order to Show Cause directing Respondents to file an answer to the instant petition or to file a motion to dismiss on procedural grounds in lieu of an answer. Petitioner was directed to either file a traverse or an opposition to the motion to dismiss.

Before the Court are Petitioner's Motion for Summary Judgment (Docket No. 7), Respondents' motion to dismiss (Docket No. 8), and Petitioner's "Motion to Grant Summary Judgment in Favor of [Petitioner] for Respondents' Failure to Oppose Motion for Summary Judgment; Motion to Strike Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus" (Docket No. 11). As mentioned above, also pending is Petitioner's "Application for Immediate Stay" (Docket No. 1).

Having considered all of the papers filed by the parties, the Court GRANTS Respondents'

---

[1] Attached to the present petition form are two documents, including a five-page "Summary of Revocation Hearing and Decision" as well as a sixteen-page document, which combines a typewritten "Petition for Writ of Habeas Corpus and Application for Immediate Stay" ("Pet. & App. for Stay") and a "Memorandum of Law in Support of Petition and Application for Immediate Stay."

motion to dismiss, DENIES Petitioner's two pending motions, and DENIES as moot his "Application for Immediate Stay."

**BACKGROUND**

In 1993, Petitioner was convicted of misdemeanor indecent exposure. (Pet., Attach., Pet. & App. to Stay at 3.) This conviction was later expunged. (*Id.*) However, he was subsequently required to register as a sex offender. (*Id.*)

In 2006, Petitioner was convicted of grand theft, unlicensed practice of medicine, and possessing a false/forged instrument. (Pet. at 2.) He was sentenced to a term of seven years and eight months in state prison. (*Id.*)

On August 20, 2010, Petitioner was released on parole and was required to abide by special conditions of parole, including: "not to view videos designed to stimulate sexual fantasies or that are labeled as pornographic." (Resp't Ex. 1; Alameda Cty. Sup. Ct. Oct. 17, 2011 Denial at 2-3.)

On April 22, 2011, a compliance check "revealed that a video that violated the special conditions had been downloaded to Petitioner's computer and [he] was arrested and a parole hold was placed on him." (*Id.* at 3.) Petitioner alleges the "video clip depict[ed] an adult woman swinging her naked bosoms." (Pet., Attach., Pet. & App. to Stay at 2.) Petitioner claims that he has "always maintained that he did not download the video clip," and that he "was completely unaware of its existence on his computer." (*Id.*)

In May, 2011, Respondent Mike Grottkau, the Deputy Commissioner of the California Board of Parole Hearings, imposed a new special parole condition on Petitioner -- "a total Internet ban." (Pet., Attach., Pet. & App. to Stay at 3.) The new condition was imposed because Petitioner violated the original special condition of parole mentioned above, which banned him from viewing pornography on his computer. (Resp't Ex. 1; Alameda Cty. Sup. Ct. Oct. 17, 2011 Denial at 2-3.)

On September 20, 2011, Petitioner was released from custody and returned to parole. He was still required to abide by the parole condition prohibiting him from using the Internet. (Pet., Attach., at 3.)

Petitioner filed a state habeas petition in the Alameda County Superior Court, alleging that the total Internet ban was unconstitutional. (Pet. at 5.) On October 17, 2011, the state superior

court denied his petition. (*Id.*) In its Order denying the petition, the superior court stated: "Petitioner has not stated a prima facie case for relief. Petitioner cites to *In re Stevens* (2004) 119 Cal.App.4th 1228 (*Stevens*) as being on point on his claim that the special parole condition is illegal and unconstitutional." (Resp't Ex. 1 at 3; Alameda Cty. Sup. Ct. Oct. 17, 2011 Denial at 2-3.) The state superior court distinguished *In re Stevens* from Petitioner's case and concluded that, "unlike *Stevens*, Petitioner had not initially been prohibited from accessing the Internet . . . [i]nstead, the initial parole condition dealing with the Internet simply placed a limitation on the Internet access that banned Petitioner from accessing pornography or videos designed to stimulate sexual fantasies." (*Id.* at 3-4.) The state superior court denied the petition, stating:

> [I]t appears that the outright ban on Internet access was not imposed until *after* Petitioner had violated the limited restriction when he viewed pornography on April 22, 2011 on his computer. Thus, Petitioner had already shown improper use of the Internet, in direct violation of parole, when the parole condition banning access to the Internet was imposed. Thus, the Internet ban is reasonably related to Petitioner's past criminality and relates to parole supervision. (See *People v. Harrisson* (2005) 134 Cal.App.4th 637.)
>
> Accordingly, the Petitioner is denied for failure to state a prima facie case for relief.

(*Id.* at 4.)

Petitioner filed a state habeas petition in the California Court of Appeal. (Pet. at 4.) On November 8, 2011, the state appellate court summarily denied his petition. (*Id.* at 4-5.)

On November 15, 2011, Petitioner filed a state habeas petition in the California Supreme Court. (Resp't Ex. 1; Cal. Sup. Ct. Petition at 1-6.) In his state supreme court petition, Petitioner again relied on *In re Stevens* to support his challenge to the total Internet ban. (*Id.* at 3.) On November 30, 2011, the state supreme court summarily denied his petition. (Pet. at 4.)

On December 5, 2011, Petitioner filed the instant federal petition. In his memorandum in support of his petition, Petitioner alleges violations of the following to support his claim that the total Internet ban is unconstitutional: (1) First Amendment; (2) Due Process the Fifth and Fourteenth Amendments; (3) Double Jeopardy under the Fifth Amendment; (4) Equal Protection under the Fourteenth Amendment; and (5) Ex Post Facto Clause of the United States Constitution. (Pet., Attach., Pet. & App. to Stay at 6.) Finally, Petitioner relies on "California Decisional Law" by

1 citing to *In re Stevens* to support his challenge to the total Internet ban.  (*Id.*)

2 In an Order dated February 9, 2012, the Court ordered Respondents to show cause why the
3 instant petition should not be granted.

4 On February 26, 2012, Petitioner filed his motion for summary judgment.  (Docket No. 7.)

5 On April 6, 2012, Respondents filed their motion to dismiss on the grounds that the petition:
6 (1) includes claims that were not exhausted through fair presentation to the California Supreme
7 Court; (2) improperly requests relief based on state law; and (3) fails to state a claim for relief under
8 the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Docket No. 8.)

9 On April 10, 2012, Respondents filed a response to Petitioner's motion for summary
10 judgment.  (Docket No. 10.)

11 Petitioner did not file an opposition to Respondents' motion to dismiss.  Petitioner's
12 opposition was due no later than June 6, 2012, sixty days after Respondents filed their motion.

13 On June 28, 2012, Petitioner filed another motion entitled, "Motion to Grant Summary
14 Judgment in Favor of [Petitioner] for Respondents' Failure to Oppose Motion for Summary
15 Judgment; Motion to Strike Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus"
16 (Docket No. 11), based on an incorrect belief that Respondents had not filed an opposition his motion
17 for summary judgment and that filing their motion to dismiss was a "attempt[] to get in through the
18 'back door' because they seriously miscalculated the filing of their responsive pleading with regard to
19 the Summary Judgment motion . . . ."  (Pet'r June 28, 2012 Mot. at 3.)  Respondents filed a response
20 to the aforementioned motion on July 11, 2012.

21 On July 16, 2012, Petitioner filed a reply to Respondents' opposition to his motion for
22 summary judgment.

## DISCUSSION

### I. Respondents' Motion to Dismiss

25 The Court will first address Respondents' argument that Petitioner failed to "fairly present"
26 and exhaust his federal claims in the state supreme court.  Meanwhile, Petitioner states in a
27 conclusory fashion that he has "exhausted his state remedies" and that "[t]his petition is . . . ripe for
28 review."  (Pet. at 6.)

4

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement, are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996) *overruled on other grounds by* 28 U.S.C.§ 2244, or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *Picard*, 404 U.S. at 277. State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (characterizing *Picard* as requiring "reference to a specific federal constitutional guarantee" in state court; presentation of facts underlying claim not sufficient); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) (general reference to federal Constitution "as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim."); *Castillo v. McFadden*, 399 F.3d 993, 1001, 1002 (9th Cir. 2005) (requiring reference to "specific provision of the U.S. Constitution").

A claim is "fairly presented" only if the petitioner either referenced specific provisions of the

5

federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson*, 319 F.3d at 1158 (holding that a federal claim can be fairly presented by citation to state cases analyzing the federal issue). Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004) (where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms).

"[M]ere similarity of claims is insufficient to exhaust." *Duncan*, 513 U.S. at 366; *Johnson*, 88 F.3d at 830 (stating that the "essentially the same" standard of *Tamapua v. Shimoda*, 796 F.2d 261, 262-63 (9th Cir. 1986), "is no longer viable" in light of *Duncan*). Constitutional claims are not fairly presented to the state courts and therefore are not exhausted if, for example, the claims in the federal petition and those presented to the state courts (1) arose under different federal constitutional provisions (including different clauses in the same constitutional amendment, e.g., the due process and equal protection clauses of the Fourteenth Amendment), *see Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982); (2) arose under the same constitutional provision but are logically distinct or are based on different and unrelated lines of precedent, *see Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000); *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); or (3) one claim relied on state law while the other relied on federal law, even if the state and federal provisions and standards are similar, *see Peterson*, 319 F.3d at 1159-61.

In order to properly exhaust, the specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). New factual allegations in a federal petition,

6

however, do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts. *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005) *overruled on other grounds by Ayers v. Belmontes*, 549 U.S. 7 (2006).

Here, as mentioned above, Respondents argue that Petitioner did not fairly present his federal claims in the instant petition to the state supreme court. In support of their argument, Respondents have submitted a copy of Petitioner's state supreme court petition. (Resp't Ex. 1; Cal. Sup. Ct. Petition at 1-6.) In his state supreme court petition, Petitioner did not reference specific provisions of the federal constitution or federal statues, or cite to federal or state case law analyzing the federal issue. (*Id.*) Indeed, Petitioner only cited *In re Stevens* to support his challenge to the total Internet ban. (Pet., Ex. 2, at 1.) *In re Stevens* is a state appellate court decision dealing with a similar total Internet ban. However, it does not analyze any federal issues. As the state superior court stated in its denial:

> In *Stevens* the court held that a condition of parole that completely prohibited a paroled child molester from "possess[ing] or hav[ing] access to computer hardware or software including the Internet" was overbroad because the defendant's crime did not involve the use of the Internet, and the condition of parole involved a greater deprivation of liberty than was required to achieve the goals of parole supervision.

(Resp't Ex. 1 at 3; Alameda Cty. Sup. Ct. Oct. 17, 2011 Denial at 3.)

As explained above, Petitioner's federal petition references specific provisions of the federal constitution, including the First, Fifth, and Fourteenth Amendments, among others. Petitioner denied the California courts the opportunity to rule on his federal issue because he never presented a federal claim to them. As Petitioner has not fairly presented his federal claims to the highest state court, he has not exhausted his state remedies.

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The instant petition must be dismissed because none of the claims have been exhausted in the state supreme court. The action cannot be stayed while Petitioner exhausts his state court remedy because there are no exhausted claims. Accordingly, Respondents' motion to dismiss (Docket No. 8) is GRANTED, and the instant petition is DISMISSED. The dismissal is without

1    prejudice to Petitioner filing a new federal habeas petition once he has exhausted his state remedies
2    by presenting his federal claims to the highest state court.
3        Because the Court finds that the petition is unexhausted, it need not address Respondents'
4    alternative arguments that the petition improperly requests relief based on state law and fails to state
5    a claim for relief under AEDPA.

6    **II.    Petitioner's Pending Motions and Application for Immediate Stay**

7        Also before this Court are Petitioner's Motion for Summary Judgment and his "Motion to
8    Grant Summary Judgment in Favor of [Petitioner] for Respondents' Failure to Oppose Motion for
9    Summary Judgment; Motion to Strike Respondents' Motion to Dismiss Petition for Writ of Habeas
10   Corpus."
11       In its February 9, 2012 Order to Show Cause, the Court limited briefing on this matter to
12   Respondents either filing a dispositive motion and an answer, and Petitioner either filing an
13   opposition to the dispositive motion or his traverse.
14       On February 16, 2012, Petitioner filed the pending motion for summary judgment, raising the
15   same claims alleged in his petition.
16       The Court will not address the merits of Petitioner's motion for summary judgment, because
17   his motion is not procedurally appropriate. The procedure for deciding habeas corpus petitions in
18   this Court involves the issuance of an order to show cause, the filing of a dispositive motion or an
19   answer by the respondent, and the filing of an opposition or a traverse by the petitioner, if he
20   wishes. This is the procedure contemplated by Rules 4 and 5 of the Federal Rules Governing §
21   2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and, as mentioned above, it
22   is also the procedure set forth by the Court in the scheduling section of its Order to Show Cause in
23   the instant matter. (Feb. 9, 2012 Order at 3-4.) In accordance with the aforementioned procedure,
24   Respondents have filed a motion to dismiss, which the Court has granted above. There is no
25   provision, or need, for the additional step of a motion for summary judgment. Accordingly,
26   Petitioner's motion for summary judgment is DENIED. (Docket No. 7.)
27       Similarly, because the Court has found above that Petitioner's motion for summary judgment
28   is not procedurally inappropriate and also because it has granted Respondents' motion to dismiss,

Petitioner's "Motion to Grant Summary Judgment in Favor of [Petitioner] for Respondents' Failure to Oppose Motion for Summary Judgment; Motion to Strike Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus" is also DENIED. (Docket No. 11.)

Finally, because the Court has granted Respondents' motion to dismiss and dismissed the petition, Petitioner's "Application for Immediate Stay" is DENIED as moot. (Docket No. 1.)

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Respondents' Motion to Dismiss (Docket No. 8) is GRANTED, and this action is DISMISSED without prejudice because all of the claims presented in the instant petition are not exhausted. Petitioner may return to state court and exhaust his claims in the state supreme court. The Court notes that Petitioner must exercise due diligence and exhaust his claims in the state supreme court in order to pursue his claims later in this Court.

2. Petitioner's Motion for Summary Judgment and his "Motion to Grant Summary Judgment in Favor of [Petitioner] for Respondents' Failure to Oppose Motion for Summary Judgment; Motion to Strike Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus" (Docket Nos. 7, 11) are DENIED.

3. Petitioner's "Application for Immediate Stay" (Docket No. 1) is DENIED as moot.

4. The Clerk of the Court shall enter judgment, terminating all pending motions, and close the file.

5. This Order terminates Docket nos. 7, 8, and 11.

IT IS SO ORDERED.

DATED: September 14, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**